UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID FEWINS AND MELISSA FEWINS, INDIVIDUALLY AND AS NEXT FRIEND FOR D.A.F., a Minor, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:14-cv-0898-M |
| CHS/COMMUNITY HEALTH SYSTEMS, INC., d/b/a LAKE GRANBURY MEDICAL CENTER, SCOTT JONES, M.D., and QUESTCARE MEDICAL SERVICES, P.A., | § § § § § § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion for Summary Judgment, filed by Defendants Scott Jones, M.D. ("Dr. Jones) and Questcare Medical Services, P.A. ("Questcare"). For the reasons stated, the Motion [ECF #124] is GRANTED.

### **Background**[1]

By this lawsuit, Plaintiffs Danny Fewins and Melissa Fewins, individually and as next friend for their minor son, D.A.F., assert claims for medical malpractice against Defendants, arising from Dr. Jones's alleged negligent provision of medical care to D.A.F. On June 29, 2012, Plaintiffs took D.A.F. to the emergency room at Lake Granbury Medical Center ("LGMC") because he was complaining of leg pain. Dr. Jones examined D.A.F. and diagnosed

---

[1] Because this case has been the subject of prior opinions, the Court limits its discussion of the background facts and procedural history to those pertinent to the pending Motion. *See Fewins v. CHS/Community Health Systems, Inc.*, 158 F.Supp.3d 579 (N.D. Tex. 2016), *aff'd*, 662 F. App'x 327 (5th Cir. 2016).

1

him with contusions on both hips. Shortly thereafter, Dr. Jones discharged D.A.F. from LGMC, and instructed Plaintiffs to give their son Tylenol with codeine for pain, and follow-up with a pediatrician in a few days. However, D.A.F.'s symptoms worsened overnight, and Plaintiffs took him to the emergency room at Cook Children's Medical Center ("CCMC") on June 30, 2012. Medical tests administered at CCMC suggested D.A.F. was suffering from a bacterial infection. Accordingly, CCMC admitted D.A.F. to the hospital and began administering antibiotics. D.A.F. remained hospitalized from June 30, 2012 to August 10, 2012, during which time he underwent several surgeries and was treated for a methicillin-resistant staphylococcus aureus ("MRSA") infection. As a result of his illness, D.A.F. has permanent bone damage and is at risk for future injuries and infection. Plaintiffs contend D.A.F. would have experienced a better outcome if he had received antibiotics and been transferred to a pediatric medical center earlier.

Plaintiffs filed this civil action in March 2014, alleging medical malpractice claims against Dr. Jones under theories of negligence and gross negligence, and asserting Questcare is vicariously liable, as Dr. Jones's employer, for the negligent acts and omissions of its employee. Plaintiffs also asserted claims against LGMC for medical malpractice and for violations of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. LGMC subsequently moved for summary judgment on all of Plaintiffs' claims and causes of action against the hospital, and Plaintiffs filed a cross-motion for partial summary judgment on their EMTALA claim against LGMC. LGMC and Defendants also filed separate motions to strike the opinion of Plaintiffs' expert witness, Douglas W. Carlson, M.D. ("Dr. Carlson"). On August 7, 2015, the Court held a hearing on the parties' motions for summary judgment and motions to exclude the opinions of Dr. Carlson. At the conclusion of the hearing, the Court granted LGMC's motion for summary judgment and denied Plaintiffs' cross-motion. The Court

2

also determined Dr. Carlson's expert testimony was "not the product of reliable principles and methods and he did not reasonably apply the principles and methods, had those been reliable, to the facts of the case." *See* Hrg. Tr. [ECF #112] at 74. Thus, the Court ruled Dr. Carlson's testimony was not admissible under Federal Rule of Evidence 702. *Id.* The Court then severed the claims against LGMC and entered a final judgment in favor of the hospital, allowing Plaintiffs to appeal the summary judgment rulings in favor of LGMC. The Court stayed Plaintiffs' remaining medical malpractice claims against Dr. Jones and Questcare.

After the Fifth Circuit affirmed the Court's grant of summary judgment in favor of LGMC, the Court lifted the stay as to Plaintiff's medical malpractice claims against Dr. Jones and Questcare. Defendants promptly filed a Motion for Summary Judgment, arguing Plaintiffs cannot prevail on any of their remaining claims because the Court excluded Dr. Carlson's testimony and Plaintiffs have no other competent medical expert testimony that any alleged negligence on the part of Dr. Jones proximately caused D.A.F's injuries. With the Court's permission, Plaintiffs adopted as their response to Defendants' summary judgment motion the briefs and appendices they previously filed in opposition to LGMC's summary judgment motion and the separate motions to exclude Dr. Carlson's causation opinions. Plaintiffs did not submit any additional argument or evidence. Defendants filed a reply. The Motion for Summary Judgment is fully-briefed and ripe for determination.

**Legal Standards**

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A dispute as to a material fact is genuine, if the evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party. *Crowe v. Henry*, 115 F.3d 294, 296 (5th

Cir. 1997). A fact is material if its resolution could affect the outcome of the action. *Weeks Marine, Inc. v. Fireman's Fund Ins. Co*., 340 F.3d 233, 235 (5th Cir. 2003). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). A party seeking summary judgment who does not have the burden of proof at trial, like Defendants here, need only point to the absence of admissible evidence to support the nonmovant's claim. *See Duffy v. Leading Edge Prods., Inc*., 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the burden shifts to the nonmoving party to produce evidence or designate specific facts in the record showing the existence of a genuine issue for trial. *See Fordoche, Inc. v. Texaco, Inc*., 463 F.3d 388, 392 (5th Cir. 2006).

**Analysis**

Defendants move for summary judgment on Plaintiffs' state law medical malpractice claim and negligence claims on the ground that Plaintiffs have no competent expert testimony to support their theory of causation. Under Texas law, the plaintiff in a medical malpractice case bears the burden of proving: (1) the physician's duty to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) causation. *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003). A plaintiff generally must produce expert testimony to prove the applicable standard of care, a breach of that standard, and a causal connection between the breach and the harm suffered. *Hannah v. United States*, 523 F.3d 597, 601-02 (5th Cir. 2008) (expert testimony required to prove standard of care and breach); *Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005) (same as to breach and causation). "Unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman, expert testimony will be required" to meet the plaintiff's burden of proof. *Hannah*, 523 F.3d at 602 (citing *Hood v. Phillips*, 554 S.W.2d 160, 165-66 (Tex. 1977)).

4

Here, Plaintiffs' causation theory is that Dr. Jones negligently failed to diagnose D.A.F. with an infection, place him on a broad-spectrum antibiotic, and immediately transfer him to a pediatric hospital. Plaintiffs argue, but for these negligent acts and omissions, D.A.F. would not have sustained the number or severity of his surgical debridements and medical complications because he would have been placed on IV Vancomycin at CCMC, in time to avoid additional injury. However, the progression and treatment of infectious disease is not a matter of common knowledge or within the general experience of a layman. *See, e.g., Jalinek v. Casas*, 328 S.W.3d 526, 534 (Tex. 2010) (expert testimony required to establish causal link between lapse in course of antibiotic treatment and injury to plaintiff); *see also Hart v. Van Zandt*, 399 S.W.2d 791, 792 (Tex.1966) ("In determining negligence in a case such as this, which concerns the highly specialized art of treating disease, the court and jury must be dependent on expert testimony. There can be no other guide, and where want of skill and attention is not thus shown by expert evidence applied to the facts, there is no evidence of it proper to be submitted to the jury."). Plaintiffs therefore are required to present expert testimony to establish how Dr. Jones's alleged negligence caused D.A.F.'s injuries.

To meet their burden, Plaintiffs point to the deposition testimony and an expert report prepared by Dr. Carlson. However, this Court previously struck Dr. Carlson's testimony under Federal Rule of Evidence 702 and *Daubert* and its progeny. Hrg. Tr. at 74. The Court determined Dr. Carlson's testimony was "not the product of reliable principles and methods and that he did not reasonably apply the principles and methods, had those been reliable, to the facts of the case." *Id.* The Court explained it had concluded that Dr. Carlson was "speculating as to what would have occurred and has ventured beyond his area of expertise into the area of what a pediatric orthopedic surgeon and an infectious diseases doctor would have done." *Id.* The Court

further determined Dr. Carlson's testimony was "highly speculative as to what would have happened had different antibiotics been administered earlier." *Id.* Despite being given an opportunity to attempt to cure the deficiencies identified in Dr. Carlson's testimony or to find another expert, Plaintiffs failed to present any new or additional expert testimony. Plaintiffs cannot prevail on their medical malpractice claim on the evidence as it exists in the record. Accordingly, Dr. Jones is entitled to summary judgment. *Hannah*, 523 F.3d at 602 (affirming that summary judgment is proper where a medical malpractice claim needs expert testimony and the plaintiff does not designate or hire an expert).

Finally, Defendants move for summary judgment on Plaintiffs' theory that Questcare is vicariously liable for Dr. Jones's alleged medical malpractice because Dr. Jones is an agent or employee of Questcare. Plaintiffs' claim against Questcare is viable only if they can establish that Dr. Jones is liable for medical malpractice. *In re McAllen Medical Center, Inc.*, 275 S.W.3d 458, 463-64 (Tex. 2008). Because Plaintiffs' lack of expert testimony dooms their claims against Dr. Jones, they cannot prevail on their claim against Questcare. *Id.*; *see also Norgaard v. Pingel*, 296 S.W.3d 284, 289 (Tex. App.—Fort Worth 2009, no pet.) (holding health care liability claims against licensed professional counselor's professional association based on vicarious liability for counselor's actions must be dismissed where claims against counselor were dismissed for failure to file an expert report). Accordingly, Questcare is also entitled to summary judgment.

## Conclusion

The Motion for Summary Judgment filed by Defendants Scott Jones, M.D. and Questcare Medical Services, P.A. [ECF #124] is GRANTED, and Plaintiffs' claims and causes of action against these Defendants are dismissed with prejudice.

SO ORDERED.

August 7, 2017.

_____
BARBARA M. G. LYNN
CHIEF JUDGE